UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SURAYA CINE-NZALA,

                    Petitioner,

        v.

TODD BLANCHE, *et al.*,

                    Respondents.

Case No. C26-1544-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Suraya Cine-Nzala's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #4-7, a Reply, Dkt. #8, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #6.

Petitioner is a thirty-one-year-old citizen of Angola. Petitioner entered the United States on February 10, 2023, to flee harm from her family member and former partner in her home county. Petitioner was detained at entry, then released on interim parole for a term of one year subject to Alternatives to Detention ("ATD") conditions.

In March 2023, Petitioner participated in a credible fear interview with Department of Homeland Security ("DHS") and was served a Notice to Appear with a master hearing in San

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 1

Diego Immigration Court. On March 07, United States Citizenship and Immigration Services ("USCIS") confirmed a positive credible fear for Petitioner returning to her home country. She subsequently filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, and she applied for work authorization.

Petitioner complied with Immigration and Customs Enforcement ("ICE") check-ins, including monthly in-person check-ins at the Tukwila, Washington ICE office, daily digital check-ins via an app, and randomized weekly phone calls from ICE officers. She gained work authorization and was employed at Amazon during the evening shift. She has built a network of support in Washington and has no criminal record.

On April 30, 2026, Petitioner attended a scheduled in-person check-in at the ICE office in Tukwila. There, Petitioner was informed she had failed to submit photos of herself through an app. She was detained by ICE officers and transferred to Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington.

The Government states that Petitioner incurred at least forty-five documented ATD violations including "repeated missed biometric check-ins, device removal, and failure to enable location services." Dkt. #4 at 3. Prior to her April 30, 2026, check-in, Petitioner did not receive written notice of the reason for her detention. She did not receive a hearing before a neutral decision-maker to determine if her detention was justified. Petitioner remains at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if it is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 2

law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 3

The Court disagrees with the Government's assertion that Petitioner is subject to mandatory detention under § 1225(b), as she has been released in the United States for years on her own recognizance and has a pending case for relief in Immigration Court.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was living and working in the United States for years, detained without notice, placed in detention, and remains in custody after no changes to her status undoubtedly deprives her of an established interest in her liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of her liberty is high under the facts of this case. The Government's assertion that Petitioner is "pending a decision on removal," Dkt. #4 at 6, thus subject to § 1226(a), aligns with its "position [that] appears to be that any and all non-citizens not previously admitted to the United States are subject to mandatory detention." *A.C.J. v. Hermosillo*, 2026 WL 73857, at *4 (W.D. Wash. Jan. 9, 2026). Many district courts have found this "selective reading of the statute" unpersuasive and disregarding the plain meaning of the statute. *See id.* (compiling cases). Notably, the issuing officer of Petitioner's 2023 Notice to Appear specifically designated as "present in the United States" rather than "arriving." Dkt. #1 at Ex. A. This second factor also weighs in favor of the Petitioners.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government has a clear interest in detaining removable non-citizens under certain circumstances to the extent they do not abscond or commit crimes. But where Petitioner has been living in the United States for years, following the rules

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 4

while waiting for any notice from USCIS, and there was no material change in her particular circumstances prior to arrest, the Government fails this factor. The Government's reasoning that Petitioner violated the conditions of her ATD is unconvincing, as the Government solely provides statements that she violated the conditions, while Petitioner states she attended monthly check-ins, answered regular phone calls from ICE officers, and took "a photo of herself using a monitoring app on her phone each week." Dkt. #1 at ¶¶ 24. Furthermore, the Government's assertion that Petitioner's release would undermine "the integrity of and effectiveness of supervised release programs such as ATD" fails to convince the Court of the Government's interest in keeping Petitioner detained. Dkt. #4 at 9. The Court is unpersuaded by the Government's argument that Petitioner's release "waste[s] government resources" or that this outweighs Petitioner not being held in detention.[1] *Id*. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in her continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before she can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody **no later than June 12th, 2026**, under the conditions of her most recent release order, and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and

---

[1] *See also* https://www.ice.gov/features/atd (Jan. 7, 2026) (last visited Mar. 24, 2026) ("The daily cost per ATD-ISAP participant is less than $4.20 per day – a stark contrast from the cost of detention, which is around $152 per day.").

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 5

shall be noted under Local Rule 7(d)(3).

DATED this 11th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 6